UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN ROBINSON,

                              Plaintiff,                    9:20-CV-1610
                                                            (MAD/ML)

            v.

HAROLD D. GRAHAM, et al.,

                              Defendants.
_____

APPEARANCES:

JOHN ROBINSON
17-A-1058
Plaintiff, pro se
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

MAE A. D'AGOSTINO
United States District Judge

## DECISION AND ORDER

**I.      INTRODUCTION**

        On or about December 28, 2020, pro se plaintiff John Robinson ("plaintiff"), an inmate

currently in the custody of the New York State Department of Corrections and Community

Supervision ("DOCCS"), commenced this action with the filing of a complaint, accompanied

by an application to proceed in the action in forma pauperis ("IFP").  Dkt. Nos. 1-2, 5.  On

March 16, 2021, the Court issued a Decision and Order granting plaintiff's IFP application

and dismissing plaintiff's complaint, without prejudice, for failure to state a claim upon which

relief may be granted pursuant to 28 U.S.C. § 1915 ("Section 1915") and 28 U.S.C. §

1915A(b)(1).  Dkt. No. 7 ("March Order").

On April 23, 2021, the Court received plaintiff's amended complaint, which is accepted for filing.  Dkt. No. 11 ("Am. Compl.").[1]  The Clerk has now forwarded plaintiff's amended complaint to the Court for review.

## II.     PLAINTIFF'S AMENDED COMPLAINT

### A.     Governing Legal Standard

The legal standard governing the review of a pro se inmate-plaintiff's complaint pursuant to Sections 1915 and 1915A was discussed at length in the March Order and will not be restated in this Decision and Order.  March Order at 3-4.

### B.     Summary of the Amended Complaint

At all times relevant to this action, plaintiff was confined in Auburn Correctional Facility ("Auburn C.F."), a prison operated by DOCCS.  As defendants, the amended complaint names Harold D. Graham, the former Auburn C.F. Superintendent, and five unidentified "John Doe" Auburn C.F. Correctional Officers.  Am. Compl. at 2.  The following facts are as alleged in the amended complaint.

On May 23, 2017, plaintiff went to evening recreation in the South yard in Auburn C.F. Am. Compl. at 5.  As he walked into the yard, he observed that defendants Doe 1-5 were all congregating at the main officer's post in the yard.  *Id.*  Plaintiff alleges that defendants Doe 1 and Doe 2 were supposed to be stationed "at the entrance of the 'gated-in' weight/workout area," which is in close proximity to the "TV area."  *Id.* at 3.  Defendants Doe 3, Doe 4, and Doe 5 were supposed to be "monitor[ing] any unusual activity" in the South yard.  *Id.* at 4.

---

[1]  The Clerk of the Court is respectfully directed to modify the docket in this action to reflect that the defendants in the action are identified as follows: (1) Harold D. Graham, Superintendent; (2) Correctional Officer John Doe #One; (3) Correctional Officer John Doe #Two; (4) Correctional Officer John Doe #Three; (5) Correctional Officer John Doe #Four; and (6) Correctional Officer John Doe #Five.  *See* Am. Compl. at 1-2.

While plaintiff was watching television, he was assaulted by an unknown inmate who struck him in the head with a weight "from the weight area that was not manned by Defendants [Doe 1] and [Doe 2] who were at the main post at the entrance of the South yard." Am. Compl. at 5. Other inmates then joined in the attack, cutting and stabbing plaintiff. *Id.* at 5-6. Plaintiff was rendered unconscious during the attack, and his injuries required medical attention at an outside hospital. *Id.* at 6.

Plaintiff alleges that "[i]n the weeks prior to [his assault on] May 23, 2017, there was a high degree of gang activity [at Auburn C.F.] consisting of inmate on inmate assaults[] and cuttings." Am. Compl. at 5. During his transport to the hospital following the assault, "the Correctional Officers who were [escorting him] told [plaintiff] that [the] entire facility was aware of the on-going trama [sic] with the gangs at Auburn, and that they had no time to baby-sit inmates or protect them." *Id.* at 6. Similarly, while plaintiff was in the hospital, correctional officers also told him that "all the staff at Auburn was aware" of the gang activity. *Id.* Plaintiff alleges that he is not a gang member. *Id.*

Upon release back to Auburn C.F., plaintiff was placed in the Special Housing Unit ("SHU") because rooms reserved for inmates on involuntary protective custody were not available. Am. Compl. at 6. While in SHU, plaintiff filed a grievance at Auburn C.F. complaining of the assault on May 23, 2017. *Id.* Plaintiff was eventually transferred to Attica Correctional Facility approximately three weeks later. *Id.* Although plaintiff inquired into the status of his grievance while in Attica Correctional Facility, he received no response from prison officials. *Id.* at 7.

On March 12, 2018, plaintiff signed a retainer agreement with his criminal defense

3

attorney who had agreed to represent him in this civil rights action.  Am. Compl. at 7, 18-22.

Plaintiff alleges that his attorney indicated to him that she had filed a civil rights complaint on

his behalf in this Court in or about June 2018.  *Id.* at 7, 24-39, 41.  On or about December

11, 2020, plaintiff learned from the Clerk of the Northern District of New York that no civil

action had been commenced on his behalf.  *Id.* at 46.  Plaintiff thereafter filed his pro se

complaint on December 28, 2020.  *Id.* at 7; *see also* Dkt. No. 1.

Liberally construed, plaintiff's amended complaint asserts Eighth Amendment failure to

protect and conspiracy claims against all of the defendants.[2]  Am. Compl. at 8.  Plaintiff

seeks compensatory and punitive damages as relief.  *Id.* at 9.

### C.      Analysis

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 ("Section 1983"), which, as

explained in the March Order, establishes a cause of action for "the deprivation of any rights,

privileges, or immunities secured by the Constitution and laws" of the United States.  42

U.S.C. § 1983.  "Section 1983 itself creates no substantive rights[ but] provides . . . only a

procedure for redress for the deprivation of rights established elsewhere."  *Sykes v. James*,

13 F.3d 515, 519 (2d Cir. 1993).

### 1. Eighth Amendment Failure to Protect

"The Eighth Amendment requires prison officials to 'take reasonable measures to

guarantee the safety of the inmates.'"  *Morgan v. Dzurenda*, 956 F.3d 84, 89 (2d Cir. 2020)

(quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)); *see also Hayes v. New York City

Dep't of Corrs.*, 84 F.3d 614, 620 (2d Cir. 1996).  "That extends to protecting prisoners from

_____

[2]

violence at the hands of other prisoners." *Morgan*, 956 F.3d at 89 (internal quotation marks and alteration omitted)).  Prison officials may be held liable under Section 1983 for failing to protect an inmate from conditions posing a substantial risk of serious harm.  *See Farmer*, 511 U.S. at 836.  To establish a "failure to protect" claim, the plaintiff must show that he was incarcerated under conditions posing a substantial risk of serious harm, and that prison officials acted with deliberate indifference to that risk and the inmate's safety.  *Id.*; *accord, Morgan*, 956 F.3d at 89.  With respect to the first prong, "the alleged deprivation must be, in objective terms, sufficiently serious."  *Morgan*, 956 F.3d at 89 (internal quotation marks omitted).  Deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer*, 511 U.S. at 837; *accord, Morgan*, 956 F.3d at 89.

With due regard to plaintiff's pro se status, like his original complaint, plaintiff's amended complaint does not sufficiently allege that any of the defendants exhibited deliberate indifference to a serious risk of harm to plaintiff.  Although the amended complaint repeatedly alleges that prison officials at Auburn C.F. knew of a high-incidence rate of "gang-on-gang" violence in the weeks preceding the assault on plaintiff, there are no allegations that plaintiff was specifically in danger as a result of that gang violence.  Indeed, plaintiff alleges that he is not a member of a gang, and therefore it defies logic that defendants should have known that plaintiff was at risk of becoming a victim to the gang-on-gang violence in the facility.  In addition, the amended complaint does not allege that plaintiff put any of the defendants on notice or that they otherwise had any reason to know that plaintiff

was in danger of being assaulted on May 23, 2017, such that they could have taken any steps to protect plaintiff ahead of time.  Plaintiff does not even allege that on (or prior to) May 23, 2017, he had any reason to believe that he would be subjected to violence as part of the ongoing violence at Auburn C.F.  Accordingly, because the amended complaint fails to allege that any of the defendants knew of, and disregarded, a serious risk of harm specific to plaintiff, plaintiff's failure to protect claims are dismissed pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.  *See, e.g., Smolen v. Wesley*, No. 16-CV-2417, 2019 WL 4727311, at *11 (S.D.N.Y. Sept. 25, 2019) (dismissing the plaintiff's Eighth Amendment failure to protect claim where the complaint alleged that the defendants ignored an email the plaintiff sent to them but did not allege "what the email said or what the nature of the threat was," concluding that the complaint ultimately alleged "no facts suggesting that [the defendants] knew of a particular risk to [the p]laintiff's safety" (internal quotation marks and alterations omitted)); *Fernandez v. New York City Dep't of Corr.*, No. 08-CV-4294, 2010 WL 1222017, at *4 (S.D.N.Y. Mar. 29, 2010) (dismissing the plaintiff's failure to protect claim where he alleged that the defendant was not at her assigned post at the time of the assault on plaintiff and noting that the plaintiff's complaint did not plead, "for example, that [the plaintiff and his assailant] were involved in a prior altercation, that [the assailant] had previously threatened [the plaintiff], or that there was any other reason for officers at DOC to be on notice that there was a risk of altercation between [the p]laintiff and [his assailant]").

Plaintiff's claim against defendant Graham (the former superintendent at Auburn C.F.) is additionally subject to dismissal for a separate reason.  The amended complaint alleges that defendant Graham "instituted an unconstitutional facility wide policy of failure to train,

6

manage, and supervise staff concerning matters of protecting inmates during times of high violent gang activity that consist of inmate-on-inmate assaults and cuttings at Auburn [C.F.] prior to and on May 23, 2017."  Am. Compl. at 3.  These allegations, however, are reminiscent of a "supervisor liability" theory of liability for Section 1983 claims that is no longer available under recent Second Circuit precedent.  *See Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) ("[A] plaintiff may not rely on a special test for supervisor liability. Rather, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." (internal quotation marks omitted)).

As relevant in this case with respect to plaintiff's failure to protect claim asserted against defendant Graham, the complaint must plausibly allege that defendant Graham "violated the Eighth Amendment by [his] own conduct, not by reason of [his] supervision of others who committed the violation."  *Tangreti*, 983 F.3d at 619; *see also id.* at 616 ("[F]or deliberate-indifference claims under the Eighth Amendment against a prison supervisor, the plaintiff must plead and prove that the supervisor had subjective knowledge of a substantial risk of serious harm to an inmate and disregarded it.").  Because plaintiff's amended complaint only alleges that defendant Graham's involvement in any alleged constitutional violations stems from his failure to supervise and/or manage his subordinates, and (as discussed above) the pleading otherwise fails to allege that defendant Graham had any specific prior knowledge that plaintiff was at risk of being harmed in connection with the ongoing violence at Auburn C.F., plaintiff's failure to protect claim asserted against defendant Graham must be dismissed pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.  *See, e.g., Abernathy v. Comm'r of Corr.*,

7

No. 20-CV-0628, 2021 WL 1240018, at *6 (D. Conn. Apr. 2, 2021) (dismissing the plaintiff's failure to protect claim against the prison warden because the complaint alleged only that the warden was "in charge of the operations at [the prison] and create[d] the policy for the broken ventilation and procedures implemented for excessive heat in the prison environment").

### 2. Conspiracy

Plaintiff's amended complaint also asserts a conspiracy claim against defendants. *See* Am. Compl. at 8 (alleging that all of the defendants "were engaged in a joint venture and formed an agreement to violate plaintiff's rights"). A conspiracy claim under Section 1983 must allege that (1) an agreement existed between two or more state actors to act in concert to inflict an unconstitutional injury on plaintiff, and (2) an overt act was committed in furtherance of that goal. *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002). Vague and conclusory allegations that defendants have engaged in a conspiracy, like the ones offered in plaintiff's amended complaint, do not suffice. *Ciambriello*, 292 F.3d at 325. In addition, a Section 1983 conspiracy claim "will stand only insofar as the plaintiff can prove the *sine qua non* of a § 1983 action: the violation of a federal right." *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995); *accord, Johnston v. Town of Orangetown*, 562 F. App'x 39, 41 (2d Cir. 2014). Because, as discussed above in Part II.C.1. of this Decision and Order, plaintiff's amended complaint fails to allege an underlying cognizable constitutional violation, any conspiracy claim also must fail. Accordingly, plaintiff's conspiracy claims are dismissed pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### D.    Conditional Dismissal With Leave to Amend

As explained in the March Order, a court may not dismiss a pro se plaintiff's complaint

"without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks omitted).  In this case, plaintiff has already once been provided an opportunity to amend, and, as discussed above, his amended complaint fails to state one or more claims upon which relief may be granted.  In light of this, the Court would be authorized to dismiss the action with prejudice pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).  *See McGill v. Buzzelli*, 828 F. App'x 76, 78 (2d Cir. 2020) (affirming dismissal with prejudice where the Court had provided an opportunity to amend, the plaintiff filed an amended complaint, and the Court concluded that the amendments failed to cure the deficiencies in the original complaint); *Khalil v. Pratt Institute*, 818 F. App'x 115, 117 (2d Cir. 2020) ("Finally, the district court's dismissal of the third amended complaint with prejudice was proper because it had previously granted Khalil several opportunities to amend."); *O'Neil v. Ponzi*, 394 F. App'x 795, 796 (2d Cir. 2010) (affirming this district court's dismissal with prejudice of amended complaint pursuant to Section 1915(e)(2)(B)(i), (ii) after district court had provided opportunity to amend and plaintiff had availed herself of the opportunity).  Nevertheless, in light of the specific facts alleged in plaintiff's amended complaint and plaintiff's pro se status, the Court will grant plaintiff one last opportunity to file a second amended complaint that cures the defects with respect to his Eighth Amendment claims as identified above in Part II.C. of this Decision and Order.

If plaintiff wishes to avail himself of the opportunity to amend, any second amended complaint shall not only cure the defects with respect to the Eighth Amendment claims, but it also must include those allegations describing the "extraordinary circumstances" that prevented him from timely commencing this action and that he acted "with reasonable

9

diligence" during the period that he seeks to toll." *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005).  Any second amended complaint must be a complete pleading that sets forth all of the claims that plaintiff wants the Court to consider as a basis for awarding the relief requested.  The second amended complaint will supersede the first amended complaint in all respects.

Plaintiff's failure to file a second amended complaint within 30 days of the date of this Decision and Order will result in the dismissal of the action with prejudice without further Order of the Court for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).

III.    **CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk of the Court shall modify the docket in this action to reflect that the defendants in the action are identified as follows: (1) Harold D. Graham, Superintendent; (2) Correctional Officer John Doe #One; (3) Correctional Officer John Doe #Two; (4) Correctional Officer John Doe #Three; (5) Correctional Officer John Doe #Four; and (6) Correctional Officer John Doe #Five; and it is further

**ORDERED** that plaintiff's amended complaint (Dkt. No. 11) is **DISMISSED with prejudice** and without further Order of this Court pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted **UNLESS**, within **30 days** of the date of this Decision and Order, plaintiff files a **second amended complaint** correcting the pleading defects identified in this Decision and Order; and it is further

**ORDERED** the Clerk serve a copy of this Decision and Order on plaintiff by regular

mail.

**IT IS SO ORDERED.**

Dated: June 9, 2021
        Albany, New York

Mae A. D'Agostino
U.S. District Judge